Case 5:26-cv-03829-AH-E Document 14 Filed 08/18/26 Page 1 of 7 Page ID #:41

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEJAR PICHL CARLOS ANTONIO,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, ETC., ET AL.,

Respondents.

No. ED CV 26-3829-AH(E)

REPORT AND RECOMMENDATION

OF UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the Honorable Anne Hwang, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement (“ICE”), filed a “Petition for Writ of Habeas Corpus, etc.” (“the Petition”) on July 10, 2026. Respondents filed an Answer on July 17, 2026. Petitioner filed an untimely Reply (captioned “Memorandum of Law”) on August 13, 2026.

///

## BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection. Soon after entry, Petitioner was detained, requested asylum, and was released on supervision.

On November 21, 2025, an immigration judge ordered Petitioner removed to Mexico. According to the order of the immigration judge, Petitioner had withdrawn his application for asylum (Answer, Exhibit 2). An appeal from the removal order is pending before the Board of Immigration Appeals. On April 22, 2026, ICE arrested Petitioner as Petitioner was leaving jail following service of a state sentence for spousal battery.

## SUMMARY OF PARTIES' POSITIONS

Petitioner seeks immediate release or a bond hearing. Respondents oppose release, but do not oppose a bond hearing.

## DISCUSSION

To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).

In the present case, Petitioner has failed to carry his burden to prove entitlement to immediate release. Petitioner might conceivably argue that his re-detention violated his due process rights, as Petitioner does allege that he abided by all conditions of his supervision. However, at a minimum, Petitioner's state crime violated the conditions of his

Case 5:26-cv-03829-AH-E Document 14 Filed 08/17/26 Page 3 of 7 Page ID #:143

supervision and constituted a material change in circumstance. On the present record, the Court is unable to discern a due process violation that would entitle Petitioner to immediate release.

Even so, Petitioner is entitled to a bond hearing. See, e.g., Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026). Respondents do not oppose such a hearing.[1]

**RECOMMENDATION**

It is recommended that the Court issue an order: (1) accepting and adopting this Report and Recommendation; and (2) ordering that Judgment be entered granting the Petition in part and requiring Respondents to provide Petitioner (A# 249-411-612) with a bond hearing before an immigration judge within seven (7) days at which the burden will be on the Government to justify Petitioner's detention through clear and convincing evidence that Petitioner is an unacceptable danger or an unacceptable risk of flight.[2]

DATED: August 17, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner's Reply erroneously asserts that the Magistrate Judge previously ordered a bond hearing. The Magistrate Judge did not do so and, indeed, would lack authority to do so in this non-consent case. See 28 U.S.C. § 636.

[2] Petitioner has failed to justify any different or additional form of habeas relief.

**<u>NOTICE</u>**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEJAR PICHL CARLOS ANTONIO,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, ETC., ET AL.,

Respondents.

No. ED CV 26-3829-AH(E)

ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which any objections have been made. The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that: (1) the Report and Recommendation is accepted and adopted; and (2) Judgment shall be entered granting the Petition in part and ordering Respondents to provide Petitioner (A# 249-411-612) with a bond hearing before an immigration judge within seven (7) days at which the burden will be on the Government to justify Petitioner's detention through clear and convincing evidence that Petitioner is an unacceptable danger or an

unacceptable flight of flight.

IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and all counsel of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: ________________________, 2026.

______________________________________
ANNE HWANG
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEJAR PICHL CARLOS ANTONIO,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, ETC., ET AL.,

Respondents.

No. ED CV 26-3829-AH(E)

JUDGMENT

IT IS ADJUDGED that the Petition is granted in part and Respondents are ordered to provide Petitioner (A# 249-411-612) with a bond hearing before an immigration judge within seven (7) days at which the burden will be on the Government to justify Petitioner’s detention through clear and convincing evidence that Petitioner is an unacceptable danger or unacceptable risk of flight.

DATED: ________________________, 2026.

______________________________________

ANNE HWANG
UNITED STATES DISTRICT JUDGE